In re **AIR CRASH DISASTER AT SIOUX CITY, IOWA, ON JULY 19, 1989.**

**This document relates to all cases.**

**No. MDL–817.**

United States District Court, N.D. Illinois, E.D.

May 24, 1990.

---

**3.** As *Mix* notes, there is a split among district courts on this issue. 720 F.Supp. at 10–11 (cit-    ing cases).

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

This multidistrict litigation involves claims for personal injury and wrongful death arising out of the crash of United Airlines Flight 232 at Sioux City, Iowa, on July 19, 1989. Plaintiffs noticed the depositions of three United employees who were crew members of Flight 232, Alfred Haynes, William Records and Dudley Dvorak. Plaintiffs instructed the crew members to appear at the United Training Center of Stapleton International Airport in Denver, Colorado. Plaintiffs directed the crew members to appear "in DC–10 Simulator or adjacent to DC–10 Simulator with the DC–10 Simulator operational for use during the deposition."

United objects to the use of a DC–10 simulator during crew members' depositions. United, joined by defendant McDonnell Douglas, moves for a protective order pursuant to Fed.R.Civ.P. 26(c).[1] Rule 26(c) confers broad discretion upon a district court

> for good cause shown, ... [to] make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,....

The federal rules provide for "depositions upon oral examination." Fed.R.Civ.P. 30 ("Rule 30"). Rule 30(a) provides that

> After commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination.

Rule 30(c) permits examination and cross-examination to proceed as permitted at trial under the provisions of the Federal Rules of Evidence. Rule 30 does not expressly authorize a party to require a deponent to reenact the events underlying the litigation. Plaintiffs cite no case in which a flight simulator was used in the course of a deposition or at trial, and research has disclosed no such case.[2]

While forcing the pilot of the aircraft to recreate the events leading to the air crash has theatrical value, it also has many potential pitfalls. First, a flight simulator is not a duplicate of a real DC–10. A flight simulator is controlled by computers. The computer programming defines the scenario and the aircraft response. In essence, a flight simulator must be told what will happen before it simulates what happened. In addition, videotaping a deposition inside a DC–10 simulator may be logistically impractical because a DC–10 simulator is no larger than the cockpit of a DC–10.

Most importantly, the plaintiffs have direct evidence of the events of flight 232. Plaintiffs have the cockpit voice recorder and the digital flight data recorder from the original flight. Plaintiffs may question the crew members in detail about the actual flight. Questioning the crew members about the actual flight while simultaneously requiring them to operate a flight simulator is oppressive and unduly burdensome.

Plaintiffs assert that the simulator will simplify the crew members' explanation of the events leading to the crash. The simulator has questionable value for that purpose. A videotape of the crew members flipping switches and handling controls in a simulator would be of little benefit to a jury. If plaintiffs desire to employ an expert to prepare a simulation of the events of flight 232, they may do so. A ruling on the admissibility of such evidence would be within the province of the trial court. Several courts have admitted the results of

---

1. This court has jurisdiction to resolve discovery disputes in this multidistrict litigation. 28 U.S.C. § 1407(b).

2. Plaintiffs cite an Illinois case, *Seward v. Griffin*, 116 Ill.App.3d 749, 72 Ill.Dec. 305, 452 N.E.2d 558 (Ill.App.Ct.1983), in which a Volkswagen van was admitted in evidence in a car crash case. This case was not decided under the Federal Rules of Civil Procedure. Although the court admitted a Volkswagen van into evidence, it did not compel an opposing party to operate the vehicle.

simulated flights in air crash cases. *Hoban v. Grumman Corp.*, 717 F.Supp. 1129 (E.D.Va.1989); *Walker v. Fairchild Indus.*, 554 F.Supp. 650, 657 (D.Nev.1982). As noted, no court has ever forced the crew members to simulate the accident.

United maintains that granting access to its flight simulators is expensive. United claims the flight simulators are in use 7 days a week, 24 hours a day. United uses the flight simulators to train personnel from 6 a.m. to midnight every day. United asserts that shutting down the simulators for three days will disrupt its training schedule. These arguments are unpersuasive. Given the devastating nature of this accident, plaintiffs may reasonably require United to rearrange its flight training schedule. Nevertheless, without support for their discovery request in either the case law or the Federal Rules of Civil Procedure, the plaintiffs cannot require the crew members of Flight 232 to reenact the events leading to the crash in a flight simulator.

Accordingly, United's motion for a protective order is granted. The plaintiffs are prohibited from taking the depositions of United pilots Haynes, Record and Dvorak in or adjacent to a DC–10 simulator.